UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 14-CV-006-H

BRITTANY S. SMITH                                                               PLAINTIFF

vs.

BAYER HEALTCARE                                            DEFENDANT
PHARMACEUTICALS INC.

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion of Defendant Bayer Healthcare Pharmaceuticals, Inc. ("Bayer") to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the Court will deny Defendant's motion without prejudice.

**I.**

Plaintiff, Brittany Smith, is a 28-year-old woman seeking to recover damages for injuries she alleges were caused by Mirena, a contraceptive device manufactured by Defendant. Mirena is a t-shaped polyethylene frame inserted into the uterus by a healthcare practitioner during an office visit. The device contains a steroid reservoir that releases levonorgestrel, a synthetic progestogen, directly into the uterus for birth control.

According to Plaintiff, the levonorgestrel released by Mirena "causes or contributes" to the development of a condition called "pseudotumor cerebri," also known as "idiopathic intracranial hypertension" (hereinafter, "PTC/IIH"). Patients suffering from PTC/IIH "typically develop symptoms of severe migraines or migraine-like headaches with blurred vision, diplopia (double vision), temporary blindness, blind spots, or other visual deficiencies." PTC/IIH also may cause "whooshing" or "ringing" in the ear, clinically called tinnitus. PTC/IIH is reversible in some cases, but may be irreversible in others.

1

Plaintiff claims that she had the Mirena device "inserted into her body" and that she was subsequently diagnosed with PTC/IIH. Plaintiff further alleges that Mirena caused her PTC/IIH and that she had her Mirena removed. She brings this action seeking recovery for her injuries under several causes of action including negligence, failure to warn, defective design, manufacturing defect, breach of implied warranty, breach of express warranty, negligent misrepresentation, fraudulent misrepresentation, fraud by concealment, and punitive damages.

Bayer now moves to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## II.

To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining whether the plaintiff has complied with this standard, the court must view the allegations in the complaint in the light most favorable to the plaintiff. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). This means the court will treat all well-pleaded facts as true. *Id.* Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." *Iqbal*, 556 U.S. at 678.

## III.

Here, Plaintiff's complaint runs for 162 paragraphs across twenty-seven pages. Despite its length, however, the plaintiff-specific facts alleged in the complaint amount to no more than the following: Plaintiff is a 28-year-old woman who had a Mirena device inserted by an unspecified doctor, on an unspecified date, in an unspecified location; Plaintiff was diagnosed with PTC/IIH by an unspecified doctor, on an unspecified date, in an unspecified location and later had the device removed. The absence of such basic and readily accessible information as when, where, and by whom the allegedly defective Mirena was inserted renders the complaint facially implausible and precludes the Court from inferring that Defendant is liable for Plaintiff's alleged injuries. Consequently, Plaintiff has failed to state a claim upon which relief may be granted.

Rather than dismissing the complaint outright, however, the Court will grant Plaintiff leave to amend pursuant to Fed. R. Civ. P. 15(a)(2). This decision is consistent with Sixth Circuit precedent holding that "[i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011). The Sixth Circuit has authorized such an order even where, as here, the plaintiff does not file a motion to amend. *Id.*

In highlighting the complaint's basic factual deficiency, the Court notes that it does not address whether Plaintiff's specific causes of actions suffer from additional shortcomings. Indeed, the Sixth Circuit has stated that plaintiffs are "not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000).

Being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that on or before September 7, 2014, Plaintiff shall file an amended complaint.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss for failure to state a claim is **DISMISSED WITHOUT PREJUDICE**.

This \_\_\_\_\_ day of August, 2014.

cc: Counsel of Record